UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 22-CR-20479-FAM

UNITED STATES OF AMERICA,

        Plaintiff

v.

JIU FA CHEN,

        Defendant.
_____/

## DEFENDANT JIU FA CHEN'S MOTION TO TRAVEL TO FORTALEZA, BRAZIL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, the Defendant, Jiu Fa Chen ("Defendant") by and through his counsel, who files this, his Motion to Travel to Fortaleza, Brazil, and in support thereof states the following:

1. On October 5, 2022, a grand jury indicted Defendant for violations of 18 U.S.C. 371 and 16 U.S.C. 3372 (False Labeling). *ECF# 1*. Thereafter, Defendant surrendered his passport to pretrial services. On March 7, 2023, Defendant entered into a plea agreement to plead guilty to the federal criminal charge of False Labeling, 16 U.S.C. 3372. *ECF 32*.

2. On May 25, 2023, this Court sentenced Defendant to a term of 5-year probation. *ECF 55, p.2*.

3. Since May 25, 2023, Defendant has complied with the conditions and terms of his probation imposed by this Court without incident.

4. Prior and after the entry of the final judgment entered by this Court, Defendant has been the owner of and employed by Aifa Seafood LLC ("Aifa"), a South Florida company that purchases fresh captured seafood products in Monroe County, Florida and elsewhere, and then exports the seafood to China.

5. Of recent, the United States government has announced and imposed enormous tariffs against China on products exported to the United States. In return, China responded by imposing equal tariffs on all products exported from United States to China. The on-again and off-again and on-again tariff war has caused significant if not impossible challenges for Aifa Seafood LLC ("Aifa") to compete in the China seafood market.

6. Given the tariff war, Aifa must look to other countries to sell their fresh seafood products. Defendant has identified that Brazil is the best alternative market to sell Aifa's seafood products.

7. Defendant now moves this Court to allow Defendant to travel to Fortaleza, Brazil to meet interested buyers of Aifa's seafood products on June 29, 2025 and returning July 7, 2025. Defendant submits this is a completely work-related trip to Fortaleza, Brazil and for no other purpose.

8. Defendant will be traveling via one of the well-known commercial airlines. Further, Defendant will be staying at the following hotel in Fortaleza, Brazil: Hotel Gran Marquise Av, Beira Mar, 3980- Mucuripe, Fortaleza- CE, 60165- 121, Brazil.

9. Further, Defendant had tendered his U.S. passport to the U.S. Probation office – pretrial services after the commencement of the instant case. U.S. Probation Officer has advised that U.S. Probation – Pretrial Services sent Defendant's passport was sent to the U.S. State

Department. Given that event, U.S. Probation officer advises that should this Court grant the instant motion, Defendant would need to apply for another U.S. passport.

10. This Court may restrict Defendant's travel within and outside the State of Florida while he is on supervised release. *See United States v. Warren*, 186 F.3d 358, 366 (3d Cir. 1999) ("conditions of probation include restrictions on a defendant's right to travel."); *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003) ("Like prisoners, . . . parolees . . . have no right to control where they live in the United States; the right to travel is extinguished for the entire balance of their sentences."); *Bagley v. Harvey*, 718 F.2d 921, 924 (9th Cir. 1983) ("[A]n individual's constitutional right to travel, having been legally extinguished by a valid conviction followed by imprisonment, is not revived by the change in status from prisoner to parolee."); *Berrigan v. Sigler*, 162 U.S. App. D.C. 378, 499 F.2d 514, 522 (D.C. Cir. 1974) (holding that any rights parolees had to travel were necessarily limited because "those rights of necessity are conditioned by the situation in which their convictions placed them").

11. Defendant, an owner and decision maker in Aifa seeks to travel to Fortaleza, Brazil in order to meet interested companies in purchasing Aifa seafood products. Aifa's need to find a new market goes to its survival in the exporting of seafood products obtained primarily from the fisherman and fish houses located and operating in the Florida Keys.

12. Defendant represents to the Court that he will follow any and all reporting requirements and directives by this Court and the probation officer assigned to Defendant. Upon approval of the instant motion to travel, Defendant will purchase the airline tickets and make the reservations at the aforenamed hotel and provide information and itinerary to the assigned probation officer.

13. To date, Defendant has complied with all conditions of the court-ordered supervise release without incident.

14. The undersigned counsel's staff contacted the Brazilian Embassy here in Miami regarding any restrictions for Defendant to travel to Brazil. The Brazilian Embassy advised that entry into Brazil by Defendant will be determined by Brazilian immigration upon Defendant's arrival at the airport. Further, it was represented that there is no across the board prohibition of a person convicted of a felony who seeks entry into Brazil.

15. Defendant files the instant motion in good faith and not for the purpose of delay.

16. The probation officer assigned to the case has advised that she will consult with the assigned prosecutor in the instant case on whether there is any objection to the instant motion to travel internationally.

**WHEREFORE**, Jiu Fa Chen, requests this Court to grant the instant motion to travel to Fortaleza, Brazil solely for business purposes related to Aifa Seafood LLC and its business based on the foregoing facts and law; and enter an order granting same and other relief this Court deems proper and just under the circumstances.

June 11, 2025                                                    Respectfully submitted,


                            **LAW OFFICES OF ANDRE A. ROUVIERE**

                            4070 Laguna Street
                            Coral Gables, Florida 33146
                            Tel: (305)774-7000
                            Fax:(305)946-6121

                            *//ss// Andre A. Rouviere*
                            ANDRE A. ROUVIERE

                            *Attorney for Defendant*.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with counsel for the government but has been unable to do so. The undersigned also provided the U.S Probation Officer Tanya Okun with a copy of the proposed motion to travel via email. The reasonable efforts made were specifically as follows: sending email with the proposed motion to travel to AUSA Thomas Watts-Fritzgerald thomas.watts-fitzgerald@usdoj.gov. The undersigned also provided the U.S Probation Officer Tanya Okun with a copy of the proposed motion to travel via email.

*//ss// Andre A. Rouviere*
ANDRE A. ROUVIERE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion to travel has been served on all counsel of record, via ECF and U.S Probation Officer Tanya Okun Tanya_okun@FLSP.USCOURTS.GOV via email and ECF on this 13th day of June 2025.

*//ss// Andre A. Rouviere*
ANDRE A. ROUVIERE